```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **WILLIAM D. HUYSERS,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,**<br><br>    **Defendants.** | No. 18-cv-16786 (NLH) (JS)<br><br><br>OPINION |

APPEARANCES:
William D. Huysers, No. 1068454
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff William D. Huysers, a prisoner presently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring a claim pursuant to 42 U.S.C. § 1983, against the New Jersey Department of Corrections and the Southern State Correctional Facility for conduct that occurred while Plaintiff was incarcerated at the Southern State Correctional Facility. See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief

from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint for failure to state a claim, with leave to amend granted. 28 U.S.C. § 1915A.

BACKGROUND

Plaintiff lists as defendants in the caption of the Complaint the New Jersey Department of Corrections and the Southern State Correctional Facility. He alleges that these defendants failed to ensure proper conduct of an employee in a supervisory position who regularly inflicted force upon inmates and led to the cruel and unusual punishment of Plaintiff at the Southern State Correctional Facility. ECF No. 1 at 4-5. According to Plaintiff, this employee, who Plaintiff does not name, forced him to consume over eighty ounces of an unidentified liquid, which made him vomit. Id. at 6. Then, the employee made Plaintiff perform jumping jacks, which exacerbated the vomiting. Id. Plaintiff seeks financial compensation for the violation of his civil rights or damages of $500,000 from each defendant. Id. He also requests that the Department of Corrections develop a protocol for screening out officers with high incident rates, so that such officers can be assigned to positions away from the general inmate population. Id.

STANDARD OF REVIEW

Section 1915A requires a court to review complaints prior to service in cases in which an incarcerated plaintiff seeks redress from a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A because Plaintiff is incarcerated and seeks redress from governmental entities.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted. In order to state a claim pursuant to 42 U.S.C. § 1983, the plaintiff must show that "'(1) the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Calhoun v. Young, 288 F. App'x 47, 49 (3d Cir. 2008) (quoting Robb v. City of Phila., 733 F.2d 286, 290-91 (3d Cir. 1984)).

Defendants the New Jersey Department of Corrections and the Southern State Correctional Facility must be dismissed because they are not "persons" within the meaning of 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (state agencies not subject to suit under § 1983); Grabow v. S. State Corr. Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (noting that state department of corrections and state prison facilities are not "persons" under § 1983). Plaintiff cannot seek relief pursuant to § 1983 against these defendants.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will

4

grant leave to amend in order to allow Plaintiff an opportunity to cure his pleading deficiencies as described supra.

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim, with leave to amend granted. An appropriate order follows.

Dated: December 7, 2018      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.