```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
WILLIAM D. HUYSERS,                :
                                   :
          Plaintiff,               :   Civ. No. 18-16786 (NLH) (JS)
                                   :
     v.                            :   OPINION
                                   :
NEW JERSEY                         :
DEPARTMENT OF CORRECTIONS,         :
et al.,                            :
                                   :
          Defendants.              :
_____:
```

APPEARANCES:

William D. Huysers
232128D
Central Reception and Assignment Facility
P.O. Box 7450
West Trenton, NJ 08628

  Plaintiff Pro se

Gurbir S. Grewal, New Jersey Attorney General
Daveon Maxici Gilchrist, Deputy Attorney General
State of New Jersey
Office of the Attorney General
25 Market St
PO Box 112
Trenton, NJ 08625

  Attorneys for Defendants Marcus Hicks and Gary Lanigan

HILLMAN, District Judge

  Plaintiff William D. Huysers is proceeding on an amended complaint wherein he alleges that Sergeant Grossman forced him to consume three bottles of an unidentified liquid, causing him to become ill. ECF No. 5. He also asserts Department of

Corrections Commissioner Marcus Hicks and former Commissioner Gary Lanigan are liable as Sergeant Grossman's supervisors.  Id. at 5.

Defendants Hicks and Lanigan move to dismiss the complaint against them.  ECF No. 28.  Plaintiff argues he should be allowed to conduct discovery before the complaint is dismissed.  ECF No. 29.[1]

For the following reasons, the motion to dismiss is granted, and Plaintiff's motion is denied.  The claims against Defendants Hicks and Lanigan are dismissed without prejudice.

I. BACKGROUND

On November 26, 2018, Plaintiff filed a civil rights action under 42 U.S.C. § 1983 alleging he was subjected to excessive force while he was incarcerated at Southern State Correctional Facility ("SSCF") in Bridgeton, New Jersey.  ECF No. 1.  He submitted an amended complaint on January 7, 2019.  ECF No. 5.

Plaintiff alleged that on April 19, 2017, Defendant Grossman, a sergeant at SSCF, forced Plaintiff to drink three bottles of "a semi fermented syrupy beverage" found in Plaintiff's locker.  Id. at 10.  "I was not given a choice, and

---

[1] Plaintiff's motion is captioned as a "motion for extension of time to conduct discovery," but practically speaking it is a request for the Court to delay a decision on the motion to dismiss until Defendant Grossman's criminal trial is complete and Plaintiff can submit additional evidence in opposition.  ECF No. 29.

2

it was implied a charge would follow if 'there is still evidence there.'"  Id.  Defendant Grossman then told Plaintiff to perform jumping jacks, which Plaintiff did until he vomited.  Id.  About an hour after this encounter, Plaintiff was locked into a suicide watch room and forced to strip naked.  Id. at 11.  Two Special Investigations Division officers interviewed Plaintiff.  Id.  After two days, Plaintiff was transferred to South Woods State Prison and placed into another constant watch cell.  Id.  He was held in that cell from April 20 to April 24.  Id.

Defendants Hicks and Lanigan argue the claims against them should be dismissed because Plaintiff has failed to allege that they were personally involved in the alleged mistreatment.  ECF No. 28.  Plaintiff argues a criminal case is currently pending against Defendant Grossman in the New Jersey state courts and he cannot obtain the needed discovery until the criminal case is over.  ECF No. 29.  He also argues he has sufficiently alleged supervisory liability by Defendants Hicks and Lanigan.  ECF No. 31.

II. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  A motion to dismiss may be granted only if the plaintiff

3

has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).  "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings."  Id. at 790.

III. DISCUSSION

Defendants Hicks and Lanigan move for dismissal of the amended complaint on the grounds that they are not "persons" within the meaning of 42 U.S.C. § 1983 and because Plaintiff has

4

failed to state a claim against them for deliberate indifference. ECF No. 28. Plaintiff opposes and asserts that discovery will demonstrate their liability. ECF Nos. 29, 31.

Defendants Hicks and Lanigan argue they are not "persons" within the meaning of § 1983 because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Although Plaintiff does not explicitly state that Defendants Hicks and Lanigan are only being sued in their individual capacities, the Court concludes after an examination of the amended complaint that Plaintiff only intended to assert claims against Defendants Hicks and Lanigan in their individual capacities. Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990), aff'd, 502 U.S. 21 (1991).

Although not an issue raised in Defendants' motion, the Court will dismiss the claims against SSCF. 28 U.S.C. § 1915(e)(2)(requiring dismissal "at any time" if Plaintiff fails to state a claim). A prison is not a "person" subject to suit under § 1983. See Crawford v. McMillian, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973)); Grabow v. S. State Corr. Facility, 726

5

F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). The claims against SSCF are dismissed with prejudice.

Defendants Hicks and Lanigan further argue that Plaintiff has not stated a claim against them for supervisor liability. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). A supervisory defendant may be liable if he, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm." Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds sub nom. Taylor v. Barkes, 135 S. Ct. 2042 (2015). Deliberate indifference may be shown through facts that indicate "a supervisor failed to adequately respond to a pattern of past occurrences of injuries like the plaintiff's," or "that the risk of constitutionally cognizable harm was 'so great and so obvious that the risk and failure of supervisory officials to respond will alone' support the finding that the two-part test is met." Beers-Capitol v. Whetzel, 256 F.3d 120, 136-37 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989)).

In his amended complaint, Plaintiff alleges that Defendants Hicks and Lanigan "failed to ensure proper conduct of an

6

employee in a supervisory position who had regular incidents of uses of force upon inmates leading to my incident of cruel and unusual punishment." ECF No. 5 at 5. He does not elaborate further. In his opposition papers, Plaintiff alleges that Defendant Grossman was involved in an excessive force incident on April 18, 2017, two days before his encounter with Plaintiff. ECF No. 31 at 2. "Plaintiff's complaint demonstrates that state defendants are liable is based off the failure to have in place policy, or if in place, enforce such policy to properly and fully investigate use of force by officers and to remove said officers from duties involving said use of force investigations to protect the inmate population." Id. at 5. He argues "Defendant Grossman had a reputation for brawling, within the facility, and was involved in numerous other incidents in the period leading up to my run-in with him on April 19." Id. at 5-6.

None of these facts are in the amended complaint. "Claims alleging a failure to train, failure to discipline, or failure to supervise are a subset of . . . policy or practice liability." Womack v. Moleins, No. 10-2932, 2015 WL 420161, at *3 (D.N.J. Jan. 30, 2015) (citing Barkes, 766 F.3d at 316). In order to state a failure to supervise claim, Plaintiff must provide sufficient facts that, if true, would show: "(1) the policy or procedures in effect at the time of the alleged injury

7

created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." Barkes, 766 F.3d at 317 (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). The face of the amended complaint makes no connection between any policy, or lack thereof, by Defendants Hicks and Lanigan that caused Plaintiff's injury. Indeed, the face of the amended complaint does not even identify the relevant policy.

Plaintiff additionally argues that the complaint should not be dismissed until he has had an opportunity to conduct more discovery because the criminal trial against Defendant Grossman is still pending. ECF No. 29. "If this question were before the Court on Defendants' motion for summary judgment, Plaintiff's request might be a reason to delay the Court's decision." Hopkins v. DiCristi, No. 13-5490, 2015 WL 7760176, at *8 (D.N.J. Dec. 1, 2015) (citing Fed. R. Civ. P. 56(d)(2)). However since this is a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "Permitting a claim to go forward on nothing more than speculation and hope that some

8

supporting fact might be revealed in discovery would render Rules 8(a)(2) and 12(b)(6) completely meaningless." Hopkins, 2015 WL 7760176, at *8.  The Court denies Plaintiff's request to stay the motion to dismiss pending further discovery.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  As Plaintiff may be able to provide facts supporting his failure to supervise claims, he may move to amend his complaint in accordance with Federal Rule of Civil Procedure 15.[2]

IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted.  The claims against SSCF are dismissed with prejudice, and the claims against Defendants Hicks and Lanigan are dismissed without prejudice.  Plaintiff's motion to delay the motion to dismiss is denied.  An appropriate Order follows.


Dated: April 16, 2020                s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[2] The Court will not close the case as Plaintiff has outstanding claims against Defendant Grossman and C. Ray Hughes.

9