```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
WILLIAM D. HUYSERS,           :
                              :
          Plaintiff,          :    Civ. No. 18-16786 (NLH) (SAK)
                              :
     v.                       :    OPINION
                              :
NEW JERSEY                    :
DEPARTMENT OF CORRECTIONS,    :
et al.,                       :
                              :
          Defendants.         :
_____:
```

APPEARANCES:

William D. Huysers
820 Lincoln Ave.
Pompton Lakes, NJ 07442

     Plaintiff Pro se

Gurbir S. Grewal, New Jersey Attorney General
Daveon Maxici Gilchrist, Deputy Attorney General
State of New Jersey
Office of the Attorney General
25 Market St
PO Box 112
Trenton, NJ 08625

Attorneys for Defendants Marcus Hicks, Gary Lanigan, and R. Hughes


HILLMAN, District Judge


     Plaintiff William D. Huysers is proceeding on a second

amended complaint wherein he alleges that Sergeant Grossman

forced him to consume three bottles of an unidentified liquid,

causing him to become ill. ECF No. 42. He also asserts Department of Corrections Commissioner Marcus Hicks, former Administrator Ray Hughes, and former Commissioner Gary Lanigan, are liable as Sergeant Grossman's supervisors. Id. at 5. Defendants Hicks, Hughes and Lanigan move to dismiss the complaint against them. ECF No. 71. The motion is unopposed by Plaintiff.

For the following reasons, the motion to dismiss will be denied.

I. BACKGROUND

On November 26, 2018, Plaintiff filed a civil rights action under 42 U.S.C. § 1983 alleging he was subjected to excessive force while he was incarcerated at Southern State Correctional Facility ("SSCF") in Bridgeton, New Jersey. ECF No. 1. He submitted an amended complaint on January 7, 2019. ECF No. 5. Defendants Hicks and Lanigan filed a motion to dismiss the complaint against them for failure to state a claim. ECF No. 28. The motion to dismiss was granted on April 16, 2020. ECF No. 36. Magistrate Judge Schneider granted Plaintiff's motion to file a second amended complaint on August 20, 2020. ECF No. 41.

Plaintiff alleged that on April 19, 2017, Defendant Grossman, a sergeant at SSCF, forced Plaintiff to drink three bottles of "a semi fermented syrupy beverage" found in

Plaintiff's locker.  ECF No. 42 at 2.  He maintains he was not given a choice and that it was implied by Sergeant Grossman that repercussions would follow if there was remaining evidence of the beverage should he choose not to drink it.  Id. at 67-69.  Defendant Grossman then told Plaintiff to perform jumping jacks, which Plaintiff did until he vomited.  Id. at 2.

About an hour after this encounter, Plaintiff was locked into a suicide watch room, forced to strip naked.  Id.  Two Special Investigations Division officers interviewed Plaintiff.  Id.  A day later, Plaintiff was transferred to South Woods State Prison and placed into another constant watch cell.  Id.  He was held in that cell from April 20 to April 24.  Id.  Plaintiff contends he was never charged with a wrongdoing and the alleged incident took place in front of a video camera.  Id.  He also maintains that Defendant Grossman is facing criminal liability for his conduct during the incident.  Id.

II. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the

grounds upon which it rests that make such a claim plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Further, although pro se pleadings are construed liberally, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Tiedeman, v. United States, No. 21-4326, 2021 WL 2224265, at *2 (D.N.J. June 2, 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." Id. at 790.

III. DISCUSSION

Defendants Hicks, Hughes, and Lanigan move for dismissal of the second amended complaint on the grounds that it fails to allege sufficient facts to satisfy the elements of supervisor liability. ECF No. 71. They argue Plaintiff failed to show that they were aware of, or indifferent to, unlawful practices in the prison like those of Defendant Grossman's. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Goodman v. Miceli et al., No. CV 20-1259, 2021 WL 2117933, at *8 (W.D. Pa. May 3, 2021) (highlighting that supervisor-defendants cannot be held liable for every illegal act that takes place in a correctional facility, only their own individual conduct). However, a supervisory defendant may be liable if he, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm." Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds sub nom. Taylor v. Barkes, 575 U.S. 2042 (2015). Deliberate indifference may be shown through facts that indicate "a supervisor failed to adequately respond to a pattern of past occurrences of injuries like the plaintiff's," or "that the risk of constitutionally cognizable harm was 'so great and so obvious

that the risk and failure of supervisory officials to respond will alone' support the finding that the two-part test is met." Beers-Capitol v. Whetzel, 256 F.3d 120, 136-37 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989)).

In his second amended complaint, Plaintiff alleges that Defendants Hicks, Hughes and Lanigan "through inaction, allowed for the development of an operational environment in which Defendant Grossman felt he was at liberty to, and did, operate in ways which directly resulted in the constitutional injury." ECF No. 42 at 4. He asserts that Defendant Grossman "had a well-known reputation in the facility as a brawler and was involved in numerous actions of questionable force during Plaintiff's stay." Id. at 5. Plaintiff further maintains that because Sergeant Grossman undertook no means to disguise his actions during the alleged incident, he was acting under the belief that he would not face repercussions from his supervisors. Id. Essentially, Plaintiff alleges that Defendants' failure to supervise and discipline Sergeant Grossman for his prior incidents ultimately caused the incident on April 19, 2017. "Claims alleging a failure to train, failure to discipline, or failure to supervise are a subset of . . . policy or practice liability." Womack v. Moleins, No. 10-2932, 2015 WL 420161, at *3 (D.N.J. Jan. 30, 2015) (citing Barkes, 766 F.3d at 316).

Plaintiff alleges Moving Defendants were aware of prior conduct by Sergeant Grossman but did not take action to prevent such conduct in the future.  This plausibly suggests wrongdoing by Moving Defendants through a failure of supervision.  ECF No. 42 at 4.  Plaintiff "surmises, reasonably, that such misconduct reflects inadequate training and supervision.  He cannot be expected to know, without discovery, exactly what training policies were in place or how they were adopted." Carter v. City of Philadelphia, 181 F.3d 339, 358 (3d Cir. 1999).  As Plaintiff asserts Defendant Grossman had a history of using excessive force within the facility, Plaintiff may be able to prove Moving Defendants acquiesced to this conduct, all the while knowing Defendant Grossman was likely to engage in excessive force again.

Therefore, construing the complaint's allegations as true, the Court will deny the motion to dismiss.

IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss shall be denied.  An appropriate Order follows.

Dated: June 30, 2021                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.